**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| DONAT RICKETTS,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>RUTH ANN KWAN, et al.,<br><br>　　　　　Defendants. | No. CV 19-4088-ODW (PLA)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE, AND DENYING REQUEST FOR JUDICIAL NOTICE** |

　　　On August 7, 2019, the United States Magistrate Judge issued a Report and Recommendation, recommending that this action be dismissed without prejudice for lack of subject matter jurisdiction. (Docket No. 16). On August 19, 2019, plaintiff filed Objections to the Report and Recommendation (Docket No. 18), as well as a Request for Judicial Notice (Docket No. 17).

　　　Certain of plaintiff's Objections warrant further discussion. In his Second Amended Complaint, plaintiff raises claims against Superior Court Judge Kwan, the Los Angeles County Superior Court, and various individual defendants. Plaintiff seeks "injunctive relief of Judge Kwan's October 23, 2018 Court Order" (ECF No. 14 at 7), as well as from other court orders in a civil action in the Los Angeles County Superior Court. Plaintiff in his Objections argues that this Court does have subject matter jurisdiction over his action both because the Los Angeles County

Superior Court and Superior Court judges violated plaintiff's Seventh Amendment right to a jury trial and pursuant to 42 U.S.C. §1985. (ECF No. 18 at 1, 13-14). The Seventh Amendment of the United States Constitution, however, is applicable only to actions brought in federal court and not to a civil action decided by a state court such as that challenged herein by plaintiff. See, e.g., City of Monterey v. Del Monte Dunes, 526 U.S. 687, 719, 119 S. Ct. 1624, 143 L. Ed. 2d 882 (1999); R.J. Reynolds Tobacco Co. v. Shewry, 423 F.3d 906, 924 (9th Cir. 2005) ("the Seventh Amendment's guarantee of the right to a civil trial by jury does not apply to the states"). Accordingly, plaintiff's Objections to the R&R on the basis of the Seventh Amendment are unavailing.

Further, plaintiff's Objections that this Court has jurisdiction over his claim pursuant to §1985 (ECF No. 18 at 1, 14), point to no factual allegations in his Second Amended Complaint to refute the Magistrate Judge's finding that plaintiff's pleading fails to allege any **facts** showing a meeting of the minds by any defendants or any specific actions taken by any defendants in furtherance of a conspiracy sufficient to give rise to a plausible claim. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (in determining whether a pleading states a claim to relief that is plausible on its face, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). Thus, this objection to the R&R also is unavailing.

Plaintiff's contention in his Objections that "Supreme Court cases have established that the 11th Amendment has not removed the ability to sue states for their constitutional violations," is incorrect. (ECF No. 18 at 5). To the contrary, the Supreme Court has held that the Eleventh Amendment bars individuals from suing states and state agencies in federal court. See, e.g., Alabama v. Pugh, 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978) (per curiam); Greater L.A. Council on Deafness v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987) (holding that a "suit against the Superior Court is a suit against the State, barred by the eleventh amendment").

Plaintiff objects to the Magistrate Judge's finding that this action is barred by the Rooker-Feldman doctrine by arguing that the "state court judgment in question was made in the 'clear absence of all jurisdiction,'" a court order by Judge Kwan failed to acknowledge plaintiff's

evidence, the Superior Court judges issued orders that violated California law, and the "underlying fact" in his pleading "relates to a 'void ab initio judgment'" because the judgment denied his right to a jury trial and took property without due process. (ECF No. 18 at 2, 6, 8-9, 11-12). Plaintiff points to various proceedings in the state court action of which he seeks judicial notice, but none of these arguments or exhibits alters the finding that plaintiff's action herein is an attempt to bring a de facto appeal of a state court action, which is barred by the Rooker-Feldman doctrine.

In plaintiff's Request for Judicial Notice in support of his Objections, he seeks judicial notice of a lengthy list of documents, some of which are not properly subject to judicial notice as "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Unattributed "comments" on a non-government website (see ECF No. at 17 at 3, 5, 109-15), are not subject to judicial notice because they *are* subject to reasonable dispute. See, e.g., Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998-99 (9th Cir. 2010) (explaining that it is appropriate to take judicial notice of official information posted on websites maintained by government entities). Although the Court may take judicial notice of judicial proceedings in other courts, see, e.g., United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992), here, the various state court orders for which plaintiff seeks judicial notice do not alter the finding that this Court lacks subject matter jurisdiction over plaintiff's claim that Superior Court judges in a state court civil action made errors in issuing judgment against plaintiff. Accordingly, the Court **denies** plaintiff's Request for Judicial Notice (ECF No. 17), as not being relevant to the issue of subject matter jurisdiction.

## **CONCLUSION**

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended Complaint, the other records on file records herein, the Magistrate Judge's Report and Recommendation, and plaintiff's objections to the Report and Recommendation, as well as his Request for Judicial Notice. The Court has engaged in a de novo review of those

portions of the Report and Recommendation to which objections have been made. The Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted.
2. Plaintiff's Request for Judicial Notice is denied.
3. Judgment shall be entered consistent with this Order.
4. The clerk shall serve this Order and the Judgment on all counsel or parties of record.

DATED: August 23, 2019

HONORABLE OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE